IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN JAMES HAMM,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD HUNT and DR. RODGERS,<br><br>Defendants. | 4:21CV3324<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a pretrial detainee being held at the Buffalo County Jail, has been granted leave to proceed in forma pauperis. The court will now conduct an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he has not received medical attention for his swollen sinus condition, which causees trouble breathing and interferes with eating and sleeping. The jail's doctor allegedly has refused to see Plaintiff, and allergy medications have been ineffective.

## III. DISCUSSION

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff sues two Defendants: Chad Hunt, who is identified as a lieutenant of the Buffalo County Department of Corrections, and Dr. Rodgers, who is identified as an employee of Advance Correctional Health Care. Both Defendants are sued only in their official capacities.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *McKay v. City of*

*St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020) (quoting *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)). Thus, a suit against Lt. Hunt in his official capacity is, in effect, a suit against Buffalo County.

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the Buffalo County, Plaintiff must show that a constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

Alternatively, a plaintiff may establish municipal liability through an unofficial custom by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation." *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700).

A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff has not alleged any facts to show that the claimed violation of his constitutional rights was caused by a Buffalo County policy or custom, or by the county's failure to train or supervise jail staff. The official-capacity claim against Lt. Hunt therefore will be dismissed for failure to state a claim upon which relief may

be granted. On its motion, however, the court will give Plaintiff leave to file an amended complaint showing municipal liability. If he so desires, Plaintiff may also sue Lt. Hunt in his individual capacity.

A pretrial detainee's claim of inadequate medical care is analyzed using the same "deliberate indifference" standard that applies to convicted prisoners. *See generally Karsjens v. Lourey*, 988 F.3d 1047, 1053 (8th Cir. 2021); *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). "In a deprivation of medical care case, the inmate must show (1) an objectively serious medical need; and (2) the defendants actually knew of the medical need but were deliberately indifferent to it." *East v. Minnehaha Cty.*, 986 F.3d 816, 820 (8th Cir. 2021) (quoting *Jones v. Minn. Dep't. of Corrs.*, 512 F.3d 478, 481 (8th Cir. 2008)). Negligence is not enough. *Id.* "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotation and citation omitted).

An official-capacity claim against Dr. Rodgers is, in essence, a claim against his employer, Advance Correctional Health Care (ACHC).[1] Independent contractors may act under color of state law. *See Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *1 n. 2 (D. Neb. Oct. 5, 2016); *West v. Atkins*, 487 U.S. at 55-56 (holding that a prison physician who furnishes medical services to state prison inmates as part of his contractual duties to that state acts under color of state law for the purposes of § 1983). When a government contracts with a third party to fulfill a constitutional duty, such as providing medical care, official capacity claims against the third party's employees are treated as claims against the third party itself. *Proctor v. Foltz*, No. 4:18-CV-04015, 2019 WL 137611, at *3 (W.D. Ark. Jan. 8, 2019); *Cannady v. Cradduck*, No. 5:16-CV-05039, 2016 WL 4432704, at *2 (W.D. Ark. Aug. 18, 2016).

---

[1] It is not alleged that Dr. Rodgers has final authority to establish policy for Buffalo County with regard to medical treatment at the jail. *See Washington v. Esch*, No. 8:17CV6, 2017 WL 2312877, at *1 (D. Neb. May 24, 2017) ("Even assuming [the jail doctor] has discretionary authority regarding individual treatment plans, this does not make the County liable for her actions.").

"However, a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.* at 976. ACHC "cannot be held liable under § 1983 on a respondeat superior theory." *Id.* (quoting *Monell*, 436 U.S. at 694). In other words, the mere fact that ACHC employed Dr. Rodgers does not make ACHC liable under § 1983.

Because Plaintiff does not allege that ACHC had a policy or custom that contributed to the alleged violation of his constitutional rights, or that Dr. Rodgers was a final policymaker for the corporation, no actionable § 1983 claim is stated against Dr. Rodgers in his official capacity. *See Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *7 (D. Neb. Sept. 16, 2019) (dismissing official-capacity claim against jail's outside medical provider). Again, however, Plaintiff may reassert an official-capacity claim in an amended complaint and/or sue the doctor personally.

To prevail on a § 1983 claim for constitutionally inadequate medical care, Plaintiff must show that Dr. Rodger's conduct amounted to "deliberate indifference to [Plaintiff's] serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). "Mere negligence or medical malpractice ... are insufficient to rise to a constitutional violation." *Id.* Deliberate indifference is akin to criminal recklessness. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

Similarly, Plaintiff's "mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Rowe v. Norris*, 198 Fed. App'x 579, 581 (8th Cir. 2006) (no Eighth Amendment violation because inmate disagreed with physician's choice of medication); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Nothing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. Prisoners do not have a constitutional right to any particular type of treatment. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's

requested course of treatment"); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990) (claims properly dismissed because they were based on "nothing more than mere disagreement with the course of his medical treatment").

"A plaintiff can show deliberate indifference in the level of care provided in different ways, including showing grossly incompetent or inadequate care, showing a defendant's decision to take an easier and less efficacious course of treatment, or showing a defendant intentionally delayed or denied access to medical care." *Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015) (citations omitted). Thus, in cases where some medical care is provided, a plaintiff "is entitled to prove his case by establishing [the] course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference." *Id.* (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, though, Plaintiff will be granted leave to amend.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 25, 2022**—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 26th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge